```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
WILLIAM MORA,                           :
                        Petitioner,     :
                                        :
              v.                        :
                                        :
UNITED STATES OF AMERICA,               :
                                        :
                        Respondent.     :
----------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

08 Civ. 3826 (BSJ)

**Opinion and Order**

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On February 14, 2008, William Mora ("Mora") submitted a Petition for a writ of habeas corpus to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  For the reasons stated below, Mora's Petition is DENIED in its entirety.

### BACKGROUND

Prior to his indictment before this Court, Mora had been convicted of two felonies in New York State Court: (1) criminal possession of a controlled substance, in April, 1990; and (2) attempted criminal sale of a controlled substance, in May, 2002.

On October 18, 2005, Mora was arrested and charged with one count of possession of a firearm as a felon, in violation of 18 U.S.C. 922(g)(1).  A federal grand jury returned Indictment 05 Cr. 1149 (the "Indictment") on November 2, 2005, charging Mora with "unlawfully, willingly, and knowingly" possessing a "loaded LLAMA, caliber 9 mm, semi-automatic pistol" that "previously had been shipped and transported in interstate and

1

foreign commerce" after having been convicted of a crime
punishable by imprisonment for a term exceeding one year.
(Indictment ¶ 2.)

In November 2005, Mora pled guilty to an additional felony
charge in Suffolk County Court, Suffolk County, New York, for
violating New York State narcotics laws.

On November 9, 2006, after pleading guilty but prior to his
sentencing in state court, Mora pled guilty before this Court to
the sole count of the Indictment pursuant to a written plea
agreement (the "Plea Agreement"). In the Plea Agreement, Mora
and the Government stipulated to a Sentencing Guidelines Range
of 57 to 71 months imprisonment, based on a Criminal History
Category of IV and an Offense Level of 21. (See Plea Agreement
at 2-4.) The parties agreed that "a sentence within the
Stipulated Guidelines Range would constitute a reasonable
sentence in light of all of the factors set forth in Title 118,
United States Code, Section 3553(a)" and that "neither a
downward nor an upward departure from the Stipulated Guidelines
Range" was warranted. (Id. at 4.)

Additionally, Mora agreed that he would not "file a direct
appeal, nor litigate under Title 28, United States Code, Section
2255 and/or Section 2241, any sentence within or below the
Stipulated Guidelines Sentencing Range." (Id. at 5.) Mora
confirmed that he understood the consequences of entering a plea

2

of guilty and that he had consulted with his appointed counsel,
William Baum, Esq. ("Baum"). (See Nov. 9, 2006 Tr. ("Plea Tr.")
at 4.)

On February 9, 2007, this Court sentenced Mora to 57 months
imprisonment, to be followed by a term of three years of
supervised release, and a mandatory special assessment fine of
$100. (See Feb. 9, 2007 Tr. ("Sentencing Tr.") at 11-13.)   Mora
did not file a Notice of Appeal.

After Mora was sentenced by this Court, Mora was sentenced
in Suffolk County Court on June 20, 2007, to a term of
imprisonment of four and one half to nine years, to run
concurrently with his federal sentence.  (Pet. Supplement, Ex.
A.)

On February 14, 2008, Mora filed this Petition seeking to
vacate, set aside, or correct his sentence of 57 months
imprisonment.

## DISCUSSION

In support of his motion to vacate, set aside, or correct
his sentence, Mora claims that: (1) his federal and New York
State prosecutions are related and therefore both prosecutions
should have been combined into a single forum for prosecution
and sentencing; (2) his sentence was calculated incorrectly; and
(3) his federal and state sentences should run concurrently.
These first three claims (hereafter "first claims") are

3

procedurally barred and waived by Mora.  Additionally, these claims are without merit even if they were not barred and were not waived.

Lastly, Mora claims that his counsel was ineffective because counsel failed to: (1) object to the separate prosecutions in state and federal court; (2) object to an offense level enhancement that was not charged in the Indictment; (3) perfect a timely appeal; and (4) obtain a more favorable Plea Agreement.

## I. Mora's First Claims Are Procedurally Barred

As an initial matter, Mora's first claims are procedurally barred because they were not raised on direct appeal. Generally, a claim "may not be presented in a habeas petition where the petitioner failed to properly raise the claim on direct review." Zhang v. United States, 506 F.3d 162, 166 (2d. Cir. 2007) (citing Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994)).  Because Mora did not raise these first claims on direct review, his claims, with the exception of his ineffective assistance of counsel claims, are "procedurally forfeited … unless he can show '(1) cause for failing to raise the issue, and prejudice resulting therefrom; or (2) actual innocence.'" Sapia v. United States, 433 F.3d 212, 217 (2d Cir. 2005) (quoting Rosario v. United States, 164 F.3d 729, 732 (2d. Cir. 1998)) (internal citations and quotations omitted).

4

To show cause, the petitioner must demonstrate "something *external* to the petitioner, something that cannot fairly be attributed to him." Coleman v. Thompson, 501 U.S. 722, 753 (1991)(citing Murray v. Carrier, 477 U.S. 478, 488 (1986).  Mora has neither demonstrated any external cause nor alleged his innocence.  Because he failed to raise these first claims on direct appeal, he is barred from raising these claims under collateral review.

### II.  Mora's First Claims are Barred by His § 2255 Waiver

Mora's first claims are also barred by the terms of his plea agreement.  The record establishes that Mora's waiver of his right to appeal or challenge his sentence under § 2255 was made knowingly and voluntarily, and therefore that waiver is valid and enforceable.

The Second Circuit has held that "[i]n no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993); see also United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998) ("It is by now well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable.").

Mora knowingly and voluntarily waived his right to appeal his sentence.  In his Plea Agreement, Mora agreed that he would not "file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range" of 57 to 71 months. (Plea Agreement at 5.)  At the plea proceeding, Mora confirmed that: (1) he understood that he was waiving his right to appeal his sentence or to challenge it under Section 2255 or 2241; (2) he discussed the Plea Agreement with his attorney; (3) he understood the Plea Agreement; (4) he understood that the Court had discretion to impose a sentence up to the statutory maximum of ten years; and (5) he had not been threatened or forced in any way to enter into the Plea Agreement. (See Plea Tr. at 8-11.)  Because Mora's waiver is enforceable, he has waived his right to appeal these first claims under Section 2255.

### III. Mora's First Claims Fail on the Merits

Even if Mora's first claims were not procedurally barred and waived, his claims are without merit.

First, Mora claims that his prosecution in state court should have been combined with his federal prosecution, which may have resulted in a shorter sentence.

Mora pled guilty in state court to violating the narcotics laws of New York State.  He pled guilty in this Court to

violating a federal statute.  Under the doctrine of dual
sovereignty, Mora could be prosecuted by both the state and
federal governments if his actions violated the laws of both of
these sovereigns.  See United States v. Peterson, 100 F.3d 7, 12
(2d Cir. 1996) ("The dual sovereignty principle means, for
example, that a defendant may be prosecuted first by one
sovereign and subsequently by the other without violating
principles of double jeopardy."); see also United States v.
Davis, 906 F.2d 829, 832 (2d Cir. 1990) (explaining that a state
government and the national government are separate sovereigns
and therefore "[w]hen a single act violates the laws of two
sovereigns, the wrongdoer has committed two distinct offenses.")
(citations omitted).  Under this doctrine, there is no
constitutional mandate that Mora's prosecution for violating a
law of New York State and his prosecution for violating a
federal statute must be combined into a single prosecution.

Secondly, Mora claims that his sentence was incorrectly
calculated.  Mora claims that, in calculating his Criminal
History Category, he received three criminal history points for
the 2005 state conviction instead of one point.  The record
reflects that Mora received only one criminal history point for
his 2005 state conviction. (Presentence Report ¶ 42; Sentencing
Tr. at 8-9.)

Mora also claims that Section 5G1.2(b) of the Sentencing
Guidelines should be applied to reduce his sentence.   Section
5G1.2(b) relates to sentencing for multiple counts of a
conviction.   See U.S.S.G. § 5G1.2(b).   Because Mora was
convicted by this Court of a single count, Section 5G1.2(b) is
inapplicable.

In addition, Mora claims his sentence was incorrectly
calculated because he was not granted a downward departure under
18 U.S.C. § 3553(a).   Section 3553(a)(6) requires the sentencing
court to take into account "the need to avoid unwarranted
sentencing disparities among defendants with similar records who
have been found guilty of similar conduct." 18 U.S.C. 3553(a).
He claims that he was eligible for a downward departure in his
sentence due to the separate state and federal convictions. Mora
argues that he is similarly situated to offenders who are
apprehended with a small amount of narcotics and have a firearm
nearby.   However, in his federal prosecution, Mora pled guilty
to possessing a firearm after a prior felony conviction, in
violation of 18 U.S.C. § 922(g)(1).   He has not been charged
with violating federal narcotics laws and therefore his sentence
cannot be compared to the sentences of offenders who have
violated federal narcotics laws.

Third, Mora claims that his federal and state offenses were
related conduct and that the sentences should run concurrently

8

rather than consecutively, citing Section 5G1.3(b) of the
Sentencing Guidelines.  Section 5G1.3(b) imposes a concurrent
sentence for an offense when the defendant is subject to an
undischarged term of imprisonment resulting from an offense that
was "the basis for an increase in the offense level for the
instance offense under Chapter Two (Offense Conduct) or Chapter
Three (Adjustments)".  U.S.S.G. § 5G1.3(b).  However, Mora's
2005 state conviction was considered only in determining his
Criminal History Category and the state offense did not impact
the offense level used to determine the applicable Sentencing
Guidelines Range.  (See Sentencing Tr. at 8-9.) In addition, the
state offense was not relevant conduct to his federal offense
under U.S.S.G. § 5G1.3(b).  As a result, Section 5G1.3(b) does
not apply to Mora.

   Furthermore, at the time of his sentencing before this
Court, Mora had pled guilty but was not yet sentenced by the
state court.  This Court did not specify if the federal sentence
should run concurrently to any sentence that the state court
later imposed.  However, after this Court sentenced Mora, the
state court subsequently sentenced Mora to a term of
imprisonment of four and one half to nine years, to run
concurrently to the federal sentence. (Pet. Supplement, Ex. A.)
Because Mora had already begun serving his federal sentence when
he was sentenced in state court, his concurrent state sentence

9

is the longer term of imprisonment.  As a result, even if this
Court had imposed a concurrent sentence to the forthcoming state
sentence, Mora's overall term of imprisonment would be
determined by the length of the state sentence.

### IV.  Mora's Counsel Provided Constitutionally-Effective Assistance

Mora claims his counsel was ineffective because his counsel
failed to: (1) argue that his state and federal prosecutions
should be combined into one prosecution and obtain a lesser
sentence for the Petitioner; (2) object to the offense level
enhancement for an obliterated serial number on the firearm; (3)
file an appeal; and (4) obtain a more favorable Plea Agreement.

Unlike his earlier claims, Mora's claim of ineffective
assistance of counsel is not barred for failure to raise the
claim on direct appeal.  Massaro v. United States, 538 U.S. 500
(2003) (holding that "an ineffective assistance of counsel claim
may be brought in a collateral proceeding under § 2255, whether
or not the petitioner could have raised the claim on direct
appeal.").  In addition, the claim of ineffective assistance of
counsel is not waived through his plea agreement.  See Frederick
v. Warden, Lewisburg Correctional Facility, 308 F.3d 192, 195
(2d Cir. 2002).

To prevail on a claim ineffective assistance of counsel,
Mora must demonstrate that (1) his counsel's performance fell

below an objectively reasonable standard; and (2) the deficient
performance prejudiced the defense. See Strickland v.
Washington, 466 U.S. 668, 687-88 (1984).  In evaluating
counsel's performance, the Court "must indulge a strong
presumption that counsel's conduct falls within the wide range
of reasonable professional assistance." Id. at 689.  Prejudice
is shown when the petitioner can demonstrate that "there is a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different."
Id. at 694.

### A. Failure to Join Federal and State Prosecutions

Mora argues that his counsel was ineffective because his
counsel failed to argue that his state and federal claims should
be joined for prosecution.  As discussed above, this claim is
without merit.  Mora's counsel did not perform below an
objectively reasonable standard by failing to raise this
meritless claim.

### B. Failure to Object to the Offense Level Enhancement for the
### Obliterated Serial Number

Mora claims that his counsel was ineffective because
counsel failed to challenge the two-level enhancement in the
offense level under the Sentencing Guidelines that resulted from
the obliterated serial number on his firearm. See U.S.S.G. §
2K2.1(b)(4).  Mora claims that counsel should have opposed this

enhancement because this fact was not included in the Indictment.

The Supreme Court has held that "any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment." Jones v. United States, 526 U.S. 227, 243, n. 6 (1999); see also Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). However, this Court sentenced Mora to 57 months imprisonment, a term below the maximum sentence of ten years as provided under 18 U.S.C. 924(a)(2). As a result, the obliterated serial number did not need to be charged in the indictment. See United States v. Ubiera, 486 F.3d 71, 77 (2d Cir. 2007) (citing United States v. Booker, 543 U.S. 220, 244 (2005)) (holding that, when a guilty plea would have supported a sentence up to a statutory maximum that is greater than the term of the sentence imposed by the Court, there is no constitutional violation). Since the two-level enhancement for the obliterated serial number could be used as a sentencing factor without being charged in the Indictment, counsel's failure to object to this enhancement was not unreasonable and therefore not ineffective assistance.

### C. Failure to Appeal

Mora claims that his counsel was ineffective for failing to file a notice of appeal and failing to consult with him about an appeal.

Counsel is not required to consult with a defendant about filing an appeal under all circumstances. Roe v. Flores-Ortega, 528 U.S. 470, 479 (2000).  Counsel has "a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000).  When a defendant enters a guilty plea, it is a highly relevant, but not determinative, factor "because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Id.  However, even when the defendant has a plea agreement, the court still must consider "such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights" in order to determine whether a rational defendant would want to appeal or whether this defendant demonstrated an interest in an appeal.  Id.

Mora pled guilty in this Court and was sentenced to the minimum term under the Sentencing Guidelines range.  Mora expressly confirmed that he had discussed the plea agreement with counsel and that he understood that he was waiving his

right to appeal his sentence.  (Plea Tr. at 4, 10.)  Lastly,
Mora does not claim that he ever requested that counsel file an
appeal.  Under these circumstances, there was no reason for
counsel to think that a rational defendant would want to appeal
or that Mora reasonably demonstrated his interest in filing an
appeal.  As a result, there was no duty for counsel to consult
with the Mora about an appeal under the criteria stated in Roe
v. Flores-Ortega.  Therefore, this claim is without merit.

### D. Failure to Obtain A More Favorable Plea Agreement

Mora also argues that his counsel failed to argue that the
Plea Agreement portrayed Mora in a negative hue.  Without
further explanation to support this conclusory statement, this
Court will not consider this claim.

Because Mora has not asserted any claims to support that
"counsel's representation fell below an objective standard of
reasonableness," he cannot demonstrate that he received
ineffective assistance of counsel under the test set forth in
Strickland. See Strickland v. Washington, 466 U.S. at 688.
Accordingly, Mora's ineffective assistance claims are denied.

### CONCLUSION

For the reasons set forth above, it is hereby Ordered that
Mora's Petition for a writ of habeas corpus to vacate, set
aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED.

As Mora has failed to make a substantial showing of the denial

of a constitutional right, the Court declines to issue a

certificate of appealability.  See 28 U.S.C. § 2253.

The Clerk of the Court is directed to close this case.

**SO ORDERED:**

BARBARA S. JONES
**UNITED STATES DISTRICT JUDGE**

Dated:      New York, New York
            June 29, 2010

15